# Henry et al. *versus* The Commonwealth to the use of Simon Truby, Jr. et al.

1. Where an objection made to the admission of depositions is valid as to part of such depositions only, and instead of being restricted to such part it is aimed at the whole deposition, the objection will not be sustained so as to exclude the entire deposition.

2. In a scire facias on a sheriff's recognizance, brought against the sheriff and his sureties, by an execution creditor whose fi. fa. the sheriff had returned nulla bona,—the sheriff claimed title to the property, while the plaintiff claimed that it was in the defendant in the execution when the writ was issued. The latter having died,

   *Held,* that the sheriff could not testify to transactions, relating to the property in question, occurring between him and the decedent during the lifetime of the latter and prior to the death of one of the sureties on the sheriff's recognizance whose administrator was a party defendant to the record.

   *Held,* further, that the defendant in the execution was, in a certain sense, an assignor, and the plaintiff in said execution an assignee of the property in dispute, so as to bring the witness within the spirit, if not within the letter of the proviso of the Act of 1869, forbidding parties to testify, where " the assignor of the thing or contract in action may be dead."

3. A witness was offered on behalf of the sheriff to testify that he, the witness, took possession of the property in dispute, when it was given up by the defendant in execution, and that he paid the sheriff for it—this to show title to the property in the sheriff at that time.

   *Held,* that the testimony was properly rejected, as not competent to show title in the sheriff while the defendant in execution was in possession.

4. The court below committed no error in refusing to charge that it was the duty of the plaintiff in the execution to find out whether the sheriff had any interest in the property to be levied on, and if he had, to cause the fi. fa. to be directed to the coroner.

5. The defendants asked the court to charge that if the jury believed the property in the possession of the defendant in the execution was the sheriff's, or that the latter's claim thereto was bona fide, he and his sureties were not liable on his official bond.

*Held,* that in view of the evidence, the affirmance of this point was properly qualified, by instructing the jury that. the sheriff's bona fida claim must be by reason of a sale to him and not a mere pledge.

6. In the absence of evidence to show that the sheriff made diligent inquiry, the court properly refused to charge that a writ of fi. fa. is not for the purpose of being held by the sheriff but must be executed as soon as possible, and if he has made diligent inquiry and can find no property he may return the writ before the return day without becoming liable on his official bond, although the defendant after the return and before the return day, may acquire property.

7. If a sheriff has any reason for not executing a writ of fi. fa. delivered to him, he should make known such reason when he receives the writ and before the rights of any one can be affected by his refusal to execute it.

October 16th, 1884.    Before MERCUR, C. J., TRUNKEY, STERRETT, GREEN and CLARK, JJ.  GORDON and PAXSON, JJ., absent.

ERROR to the Court of Common Pleas of *Armstrong county :* Of October Term, 1884, No. 123.

This was a scire facias sur recognizance of James G. Henry, late sheriff of said county, by the Commonwealth to the use of Simon Truby, Jr., et al., issued Feb. 19th, 1883.

On the trial, before CUMMIN, P. J., the following facts appeared:  On Saturday, March 26th, 1881, J. G. Henry, who was then sheriff of Armstrong county, received in his office for execution an alias writ of fieri facias, to No. 22, June Term, 1881, returnable on the first Monday in June, issued on a judgment in which Simon Truby, Jr., et al., were plaintiffs, and G. W. Cook was defendant.  On the Monday following, to wit, March 28th, 1881, the sheriff returned the writ nulla bona.  The same day Truby's counsel gave the sheriff a list of personal property alleged to belong to Cook, upon which to levy ; whether before or after the sheriff made his return did not appear.

The sheriff contended that Cook, who was keeping a hotel, was insolvent when the writ was issued and so remained until his death in July, 1883, and that the personal property in and about said hotel belonged to him (the sheriff), as purchaser from the former owner, Cook merely acting as his lessee or agent.

[Henry v. Commonwealth to use of Truby.]

Truby et al. on the other hand claimed that when the writ was issued Cook owned a considerable amount of personal property to which Henry (the sheriff) had no title, and that the latter's return of *nulla bona* was therefore false. They accordingly issued this scire facias on his official bond.

The case came before the jury on April 22d, 1884, and the plaintiff offered in evidence the depositions of Mrs. G. W. Cook to the effect that certain personal property in the hotel which she enumerated, some of which was in the house when she married Cook and some of which was purchased and brought there afterwards, belonged to Cook. On cross-examination she testified that " G. W. Cook was keeping hotel in the Cook House when we were married. I have only Cook's word that the property that was in the house at that time belonged to him." Depositions objected to on the ground that Mrs. Cook's knowledge was merely hearsay. Objection overruled and depositions admitted. Exception. (1st assignment of error.)

After offering in evidence certain written contracts between Cook and Sheriff Henry tending to prove that the property in the hotel really belonged to Henry, the defendants asked the latter to " state to the court and jury his transactions with G. W. Cook, commencing with 1876."

Plaintiff's counsel objected to the witness testifying to any facts occurring prior to Nov. 30th, 1881, the date of the death of D. A. Dougherty, who was one of the sheriff's sureties in the recognizance, and whose administrator was one of the defendants of record. Objection sustained. Evidence excluded. Exception. (2d assignment of error.)

Defendants' counsel proposed to show by one J. N. Henry that he (the witness) took possession of the Cook House upon the departure of G. W. Cook, and paid for the personal property therein and connected therewith to sheriff Henry— for the purpose of showing title to the property in sheriff Henry in March and April 1881, and of corroborating the written contracts already in evidence. Objected to as incompetent and irrelevant. Objection sustained. Exception. (3d assignment of error.)

The defendants asked the court to charge as follows: 1. " It was the duty of the plaintiffs before execution issued to ascertain whether or not the sheriff had any interest in the property sought to be levied upon, and if he had it was their duty to have directed fi. fa. 22 June Term, 1881, to the coroner, and the defendants are not liable by reason of the sheriff's refusing to levy and sell said property so claimed by himself, and their verdict should be for the defendants.

Answer.—We decline to charge you as requested in that point." (4th assignment of error.)

2. "If the jury believe that the property in the possession of G. W. Cook was the property of Jas. G. Henry, or that his claim to the same was bona fide, he and his sureties are not liable on his official bond or recognizance by reason of his refusal to levy upon and sell said goods, and their verdict ought to be for the defendant.

Answer.—That point we affirm in this way; unless you find that the property mentioned here was not the property of G. W. Cook—the words are, 'that this claim was a bona fide claim'—I understand that to mean that this property being pledged to him; now the mere fact of its being pledged to him in good faith would not be sufficient to take it out of the ownership of G. W. Cook, or, as I have explained to you before, if these goods in that house were pledged to Henry, the defendant. Of course the property might be given to him as a pledge and it would not change the ownership. The ownership would be in Cook all the time, unless there was an actual sale of the goods, and it is only if you find that there was no goods of G. W. Cook out of which this money could be made, that you are justified in finding a verdict for the defendant." (5th assignment of error.)

4. "That a writ of fi. fa. is not for the purpose of being held by the sheriff, but must be executed as soon as possible, and if the sheriff has made diligent inquiry and can find no property out of which to make the money, he may return the writ before the return day, and this without becoming liable on his official recognizance, although the execution defendant may after the return and before the return day, acquire property.

Answer. That point we refuse." (6th assignment of error.)

In the general charge the court instructed the jury, inter alia, as follows: "When the sheriff put his receipt upon the back of the writ of execution, he undertook to execute that writ. If there was any reason why he should not execute that writ, then was the time that he should have made it known before the rights of any person could have been affected by it; but when he received it and put his receipt on the back of it, he then undertook the execution of the writ." (7th assignment of error.)

Verdict for plaintiffs and judgment thereon; whereupon the defendants took this writ assigning for error the admission and rejection of evidence as above set out; the answers to defendants' points, and that part of the general charge above quoted.

*Leason* (with whom was *McCain*) for plaintiffs in error.—
This case properly falls within the provisions of the Act of
May 25th, 1878, P. L. 153, and Sheriff Henry was a competent
witness in his own behalf as to matters occurring in the
absence of D. A. Dougherty and prior to his death: Ash *v.*
Guie, 97 Pa. St. 493. An officer cannot execute final process
when he is interested, or against a private corporation of
which he is a member. The general rule is that when the
sheriff is a party the writ must issue to the coroner : Herman
on Executions, page 203, Sec. 147, and page 204.

*John M. Hunter* (with whom were *Buffington & Buffington*)
for defendants in error.

Mr. Justice STERRETT delivered the opinion of the court,
November 13th, 1884.

The finding of the jury in this case is so clearly in accord-
ance with the evidence that the plaintiffs in error have no
reason to complain, unless they were unduly prejudiced by
error of the court in one or more of the particulars specified
in their assignments of error.

The subject of complaint in the first specification is the
admission of Mrs. Cook's deposition against the general ob-
jection, " that her knowledge is hearsay." It is true she did
say, on cross-examination, " G. W. Cook was keeping hotel
in the Cook House when we were married. I have only
Cook's word that the property in the house, at that time,
belonged to him." Cook and the witness were married in
April, 1879, and her remark, above quoted, relates exclusively
to the property then in the house, and has no reference what-
ever to the other property which she testifies was subse-
quently procured by him, from time to time, and placed
therein. As to the latter, her testimony was clearly unob-
jectionable, and hence there was no error in refusing to ex-
clude the entire deposition. If the objection had been
directed specifically to so much of the deposition only as
relates to the property that was in the " Cook House " at the
date of their marriage, and as to which alone her information
was derived from her husband, the learned judge, doubtless,
would have sustained it ; but, instead of being so restricted,
the objection was aimed at the whole deposition, part of which
was not only competent but important evidence for plaintiffs
below.

There was no error in refusing to permit J. G. Henry, one
of defendants below, to testify as to his " transactions with
Cook, commencing in 1876." The case hinged on the own-
ership of certain personal property in the actual possession of

Cook when the execution was delivered to Sheriff Henry. The vital question was whether it then belonged to Cook, who is since deceased, or to the witness Henry. Being in Cook's possession, the property was prima facie his; but the plaintiffs below did not rely on that presumption alone. They introduced testimony tending to prove that it was in fact his, or at least that he had such an interest in it as was the subject of levy and sale on their execution. On the other hand defendants endeavored to show that it belonged to their co-defendant Henry, and he was called to testify to the contract between himself and Cook whereby he, Henry, became the owner of the property in question. If he had been permitted to testify, it is very evident the parties would have stood on a footing of inequality. Henry and his co-defendants would have had the benefit of his testimony as to the alleged contract, while by the death of Cook the plaintiffs below would have been deprived of the benefit of his version of the same transaction. If the property was Cook's, plaintiffs below, as his execution creditors, had a lien upon it, and it should have been levied on and sold to satisfy their execution. To the extent of Cook's interest in the property they had by operation of law a claim or lien thereon which they had a right to enforce until their judgment was satisfied. In a certain sense they were the assignees and Cook the assignor of the property, the title to which was the main subject of contention in this case. By virtue of the execution, Cook's right to the property passed, as it were, to the plaintiffs in the writ, at least to the extent of satisfying their claim; and hence the witness was within the spirit if not the letter of the clause in the proviso to the Act of 1869 which excludes parties from testifying "where the assignor of the thing or contract in action may be dead." In Karns *v.* Tanner, 16 P. F. Smith 297, and kindred cases, that clause of the Act has been construed to mean that where a party to a thing or contract in action is dead, and his rights have passed by his own act or the law to another who represents his interest, the surviving party is not a competent witness to testify to matters which occurred in the lifetime of the deceased. For the reasons thus suggested we think the court, under the circumstances, was right in holding that the witness was incompetent to testify to what occurred between himself and Cook in relation to the property in question.

The offer referred to in the third specification was rightly rejected. The proposed testimony was incompetent for the purpose for which it was offered. It did not tend to prove that James G. Henry owned the property while it was in Cook's possession. The fact that he claimed it and after-

wards undertook to sell it, would not, without more, justify the inference that it then belonged to him.

There was no error in refusing to charge as requested in defendants' first point, nor in the answer to their second point. In view of the testimony, the explanation complained of was entirely proper. Without it, the legitimate bearing of the proposition might have been misunderstood by the jury.

In the absence of evidence tending to prove the main fact of which defendants' fourth point is predicated, it was rightly refused. There was no evidence that the sheriff, after diligent inquiry, failed to find property subject to levy and sale on the execution. On the contrary the testimony tended to prove that no effort whatever in that direction was made by the sheriff. It was not even shown that any demand was made on Cook, defendant in the execution, and no explanation was offered of the unusual haste with which the execution was returned. It was issued on Saturday, and without any notice to plaintiffs or their attorney, or any effort to find property on which to levy, it was returned nulla bona on the following Monday, which was long before the return day named in the writ. On the day the writ was so returned plaintiffs' attorney requested the sheriff to levy on certain articles alleged to belong to defendant in the execution, but whether the notice was served before or after the execution was returned does not appear. It is very evident, however, if the sheriff had applied to plaintiffs or their attorney before he returned the writ he would have been directed to levy on the articles specified in the notice. It would be difficult to suggest any satisfactory explanation of the sheriff's conduct in returning the execution so soon after it was placed in his hands, and so long before return day. His hasty action undoubtedly had the effect of preparing the way for issuing an execution on his own judgment, and levying on property then in the possession of Cook. Whether he intended thus to benefit himself at the expense of plaintiffs is a question on which we are not required to express any opinion. Whatever may have been his motive, there was certainly no evidence to warrant the submission of defendant's fourth point to the jury.

There was no error in charging as complained of in the seventh specification. We find nothing in the record that would justify a reversal of the judgment.

Judgment affirmed.